THE PEOPLE OF THE STATE OF NEW YORK ex rel. H. CORNELIA GILBERT, Respondent, v. TIMOTHY MOORE and Others, Assessors of the City of Cohoes, and Others.

*Review of an illegal assessment under chapter 269 of 1880 — reference — refusal by the relator to answer questions of the assessors — sending the matter back to the referee — what acts constitute a change of residence.*

The relator having been assessed, on July 1, 1886, by the assessors of the city of Cohoes upon $20,000 of personal property, appeared before them on grievance day and submitted affidavits tending to show that she had not resided in Cohoes. since May 30, 1886, but had resided and continued to reside in White Creek, Washington county. The assessors refused to strike the assessment off the roll, holding that the relator was still a resident of Cohoes, whereupon the plaintiff instituted proceedings to review the assessment under chapter 269 of 1880, in which proceedings an order was made referring the matter to a referee, before whom the relator was sworn in behalf of the assessors.

The relator testified upon the reference that she resided in the town of White Creek, but refused, under the advice of counsel, to testify any further, alleging that the testimony was closed before the assessors, and the only question was one of law, whether upon that testimony the assessment should be stricken off the roll.

The referee certified to the testimony and to the proceedings had before him. Upon a motion subsequently made by the relator the matter was sent back to the referee to take the testimony of the relator, if the assessors still desired to take the same; the order also directed the relator to appear before the referee and submit to an examination by the assessors, which she offered to do.

The assessors served a notice that they disputed the power of the court to send the case back, and did not desire to examine the relator further. Thereafter an order was made denying a motion of the assessors to quash the writ, and it was directed that the valuation of the relator's personal property be stricken from the assessment-roll.

*Held*, that as the order of reference was duly made it was the duty of the relator to answer the questions addressed to her by the assessors touching her place of residence, and that her refusal was, *prima facie*, a contempt.

That the Special Term had the power. in its discretion, either to give her an opportunity to purge herself of the contempt, or to take proceedings for her summary punishment, as by striking out her testimony before the assessors or denying her application upon the *certiorari*.

That as the relator offered to submit to an examination before the referee, and the assessors did not accept the offer or introduce other testimony, both parties rested their case upon the testimony given.

That as it appeared by such testimony that the relator had actually hired a house and taken up her residence in it, in White Creek, on June 1, 1886, and continued to reside in it, and had left her residence in Cohoes and had leased a portion of her house and furniture there to a tenant, and had been assessed for taxation in the town of White Creek, she was not a resident of the city of Cohoes on the 1st day of July, 1886, and that the assessment was properly stricken from the roll.

APPEAL by the assessors of the city of Cohoes from an order of the Albany County Special Term, entered on December 27, 1888, in the office of the clerk of Albany county, denying their motion to quash a writ of *certiorari*, and directing upon the *certiorari*, return thereto, and testimony taken and other proceedings had, that the assessment of $20,000, valuation of the relator's personal property, be stricken from the assessment-roll, upon the ground that she was a non-resident of said city on and after the 30th day of May, 1886.

The relator, on July 1, 1886, was assessed in said city upon $20,000 of personal property. She sued out a writ of *certiorari* to review the assessment, under chapter 269, Laws of 1880. The assessors made return of the assessment-roll embracing such assessment, alleging that the relator was a resident of Cohoes at the time the assessment was made, and the owner of personal property of the value of the assessment; that the relator had appeared before the assessors while they were sitting to hear grievances, and submitted affidavits tending to show that she had not resided in Cohoes since May 30, 1886, but had resided and continued to reside in White Creek, Washington county. It was returned that she was the owner of a dwelling-house in Cohoes, of the assessed value of $8,000, in which she had resided for several years prior to May 30, 1886. Respecting her said dwelling-house and furniture, her affidavit returned by the assessors recited: " My household furniture at Cohoes, N. Y., has been, since June 1, 1886, rented by me to Mr. Vredenburgh, with my house, to October 1, 1886, and used by him, except a small portion which is stored in four rooms, because he did not want them. A portion of my furniture is in a house rented and occupied by me since May 30, 1886, at said town of White Creek, Washington county, which I had hired and occupied since May 30, 1886, continuously." She also submitted to the assessors the affidavit of Thomas C. Gifford, to the effect that she was assessed for the year 1886, in the town of White Creek, as a resident and taxpayer

therein. The assessors refused to strike off the assessment, holding, in substance, that the relator was still a resident of Cohoes, and her residence in White Creek was evasive and temporary.

The *certiorari* and return coming on to be heard at the Special Term, an order was there made against the objection and protest of relator, but without prejudice to the same, sending the matter to a referee. Before the referee, the relator was sworn in behalf of the assessors, and testified that she resided in the town of White Creek, but refused, under the advice of counsel, to testify further, alleging that the testimony was closed before the assessors, and the only question was one of law whether upon that testimony the assessment should be stricken off the roll. One of the assessors was then sworn; and testified that during the whole of the month of July, 1886, the relator resided in a house assessed to her in the city of Cohoes. The referee certified to the testimony and proceedings before him, and thereupon the relator moved, at Special Term, that the assessment be vacated. The court ordered that the matter be sent back to the referee " to take the testimony of the relator, if the respondents still desire to take the same, and such other pertinent testimony as either party desire to introduce," and the relator was directed to appear before the referee and submit to an examination by the assessors. The assessors then served notice upon the relator's attorney that they disputed the power of the court to send the case back, and did not desire to examine the relator further or introduce other testimony. The relator offered to submit to their examination; thereupon the relator brought on the motion and hearing before the Special Term upon the whole proceedings, and the order was made from which this appeal is taken, the assessors giving notice that they intend to bring up for review the order sending the case back to the referee for further hearing.

*P. D. Niver*, for the assessors.

*C. F. Doyle*, for the relator.

LANDON, J. :

Section 4 of chapter 269, Laws of 1880, authorized the Special Term, upon the return to the *certiorari*, to appoint a referee " to take such evidence as the court may direct, and report the same to the court." The reference being duly made, it was the duty of

the relator to answer the questions addressed to her by the assessors touching her place of residence. Her refusal was *prima facie* a contempt, and the Special Term, upon the second motion, had the discretion to give her an opportunity to purge herself of the contempt, or to take proceedings for her summary punishment as by striking out her testimony before the assessors, or denying her application upon the *certiorari*. He gave her further opportunity to testify, if the assessors requested it. They did not request it.

The result is that both parties have rested their case upon the testimony, and the question is whether upon that testimony the relator was a resident of the city of Cohoes on the 1st day of July, 1886. We think not. She had actually hired a house and taken up her residence in it in White Creek on the first day of June preceding, and continued to reside in it. She had left her residence in Cohoes, and had leased part of her house and furniture to a tenant. She was liable to taxation in White Creek. (*Bell* v. *Pierce*, 51 N. Y., 12.) She was actually assessed there. Her principal business—whatever it was—had been in White Creek for a year preceding July 1, 1886. If she had two residences, then, for the purposes of taxation, her residence is deemed to be in the town of that residence in which her principal business was transacted. (Chap. 92, Laws 1850; chap. 176, Laws 1851, § 2.) It may be conceded that the case made by the relator is not entirely free from the suspicion which the assessors entertained with respect to it, namely, that her change of residence was temporary and made for the purpose of avoiding taxation. But it is not improbable that if the relator had been fully examined, such suspicions would have been dispelled. She offered, when before the assessors, to submit to examination, but the offer was not then embraced. In the proceedings upon the *certiorari* she finally offered to submit to their examination, and the offer was rejected. We do not think we ought to impute to her any attempt to suppress the whole truth; nor do we think that the assessors should have rested upon a suspicion, which they had the opportunity to confirm or dispel, but neglected to avail themselves of it.

The order is affirmed, without costs.

Learned, P. J., and Ingalls, J., concurred.

Order affirmed, without costs.